

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 25, 1947

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-387

Re: Applicability of the resi-
dence homestead exemption
to residence homesteads
within certain Commission-
er's Precincts in Matagorda
County

Dear Sir:

You have requested an opinion from this De-
partment as to whether or not the Tax Assessor-Collect-
or of Matagorda County "should charge the general reve-
nue tax of 35¢ against residence homesteads in Mata-
gorda County." You enclose a letter from the Tax As-
sessor-Collector which is accompanied by a certificate
from the County Clerk of Matagorda County to the effect
that the Conservation and Reclamation District of Mata-
gorda County, Texas was established in April, 1924 and
embraces all of Commissioner's Precincts Numbers 1, 2
and 4. The certificate further states that the Sea-
wall Commission of the City of Palacios, which embraces
all of Commissioner's Precinct Number 3, was establish-
ed on September 1, 1933.

Section 1-a of Article VIII of the Constitu-
tion of the State of Texas provides the following ex-
emption for residence homesteads:

"Three Thousand Dollars ($3,000.00) of
the assessed taxable value of all residence
homesteads as now defined by law shall be
exempt from all taxation for all State pur-
poses; provided that this exemption shall
not be applicable to that portion of the
State ad valorem taxes levied for State
purposes remitted within those counties or
other political subdivisions now receiving
any remission of State taxes, until the ex-
piration of such period of remission, unless

before the expiration of such period the board or governing body of any one or more of such counties or political subdivisions shall have certified to the State Comptroller that the need for such remission of taxes has ceased to exist in such county or political subdivision; then this Section shall become applicable to each county or political subdivision as and when it shall become within the provisions hereof." (Emphasis added throughout this opinion)

This amendment was adopted August 26, 1933.

Various opinions of this Department have held that those counties or other political subdivisions which were not receiving a remission or donation of State taxes at the time of the adoption of Section 1-a of Article VIII are not deprived of the homestead exemption by a later donation of State taxes. Opinions V-138; 0-1132. The Seawall Commission of the City of Palacios was not even established until after the adoption of Section 1-a of Article VIII. Therefore, the residence homestead owner in this District is entitled to the benefit of the exemption as conferred by Section 1-a of Article VIII.

The Conservation and Reclamation District which consists of Commissioner's Precincts Numbers 1, 2 and 4 was established and issued bonds pursuant to the provisions of Senate Bill No. 54, Ch. 48, Second Called Session of the Thirty-Eighth Legislature. Senate Bill No. 54 granted a twenty-five year release from the payment of State ad valorem taxes levied for State purposes provided the taxes so released were collected by the District and applied to the payment of the interest due on and the principal of said bonds. In the event the taxes so collected were sufficient to retire the bonds before the expiration of the twenty-five year period the taxes were to revert to the State. In 1935 the Legislature passed H.B. No. 114, Ch. 402, Acts, First Called Session, Forty-Fourth Legislature. H.B. 114 donated and appropriated to the District the net amount of all State ad valorem taxes levied and collected for State purposes within the District for the remainder of the twenty-five year period for which S.B. No. 54, referred to above, had provided a release of such taxes.

Assuming, without deciding, that the act of the Forty-Fourth Legislature was a valid enactment, its obvious intent was to continue a "remission" made prior to the adoption of Section 1-a of Article VIII. Therefore there was <u>a continuation in a different form of the same "remission of State taxes"</u> to a political subdivision which was receiving such remission at the time of the adoption of Section 1-a of Article VIII. By the express language of Section 1-a the residence homesteads within such political subdivisions were not entitled to the benefit of the exemption until the period of remission terminated.

We are informed that the bonds issued pursuant to Senate Bill No. 54, Ch. 48, Second Called Session of the Thirty-Eighth Legislature have not been retired. We need not consider H.B. No. 550, Ch. 436, Acts Fiftieth Legislature, which purports to amend the legislation previously described; for since the Legislature may not impair the obligation of contract, it could not alter or terminate to the detriment of the bondholders the original period of "remission" as established by prior law. Therefore, since the original period cannot have expired, the residence homesteads within the Conservation and Reclamation District of Matagorda County are not entitled to the benefit of the exemption conferred by Section 1-a of Article VIII.

## SUMMARY

The residence homesteads within the Conservation and Reclamation District of Matagorda County are not entitled to the benefit of the exemption conferred by Art. VIII, Sec. 1-a, Const. of Tex., since the District was receiving a remission of State taxes at the time Art. VIII, Sec. 1-a was adopted, which original period of remission has not been terminated. The residence homesteads within the area embraced by the Seawall Commission of the City of Palacios, which is now receiving a donation of State

taxes but which was established after the adoption of Art. VIII, Sec. 1-a, are entitled to the exemption conferred by Art. VIII, Sec. 1-a.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Marietta Creel*

Mrs. Marietta Creel
Assistant

MC/LH/JCP

APPROVED:

*Price Daniel*

ATTORNEY GENERAL